UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID LAHAMENDU,<br><br>                    Petitioner,<br>    v.<br><br>PAMELA BONDI et al.,<br><br>                    Respondents. | CASE NO. 2:25-cv-02155<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |

Petitioner David Lahamendu filed a petition for writ of habeas corpus seeking release from confinement. (Dkt. No. 1.) Lahamendu also moves for a temporary restraining order ("TRO") preventing his transfer to a detention facility outside of this District while these proceedings are pending. (Dkt. No. 2.)

The Petition and the motion assert Lahamendu was granted voluntary departure in November 2004 and that his removal proceedings were closed on December 20, 2004. Lahamendu further asserts he was placed on an order of supervision on March 21, 2019 and that, despite such order, Immigration and Customs Enforcement ("ICE") detained him on January 26,

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) - 1

2025. Lahamendu indicates he has been detained at the Northwest ICE Processing Center ("NWIPC") located in Tacoma, Washington since January 26, 2025. He argues he has been detained for more than six months and that his continued detention is unlawful. Counsel asserts Lahamendu has been informed he will be transferred from NWIPC to a different facility outside of this District, which will limit his ability to pursue his petition.

Lahamendu has not yet served the petition on Respondents as the petition and motion for TRO were filed shortly after 12:00 a.m. on Friday, October 31, 2025. Lahamendu notes that a copy of the petition and the motion would normally be sent electronically upon filing via the CM/ECF system to the designated Department of Justice habeas petition email: usawaw.Habeas@usdoj.gov. Respondents have not entered an appearance nor responded to Lahamendu's motion.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court orders as follows:

1. Petitioner's motion for temporary restraining order (Dkt. No. 2) is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

2. Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for TRO.

Dated this 31st day of October, 2025.



David G. Estudillo
United States District Judge