UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID LAHAMENDU,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PAMELA BONDI et al.,<br><br>　　　　　Respondents. | CASE NO. 2:25-cv-02155-LK-SKV<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner David Lahamendu's Petition for Writ of Habeas Corpus. Dkt. No. 1. He asks the Court to "issue an order requiring [his] immediate release[.]" *Id.* at 6. Because the relevant facts do not appear to be in dispute, the Court declines to hold an evidentiary hearing. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute"); *see also* Dkt. No. 11 at 1 (Respondents do not believe that a hearing is necessary). Having reviewed the petition, the Government's response, and the sum of the record, the Court grants Lahamendu's petition.

## I.　　BACKGROUND

Lahamendu is a native and citizen of Indonesia who entered the United States on or around November 28, 1993. Dkt. No. 1 at 3. He then "overstayed that visa and remained in the United

States without authorization." Dkt. No. 11 at 4. He was arrested on April 8, 2003, "issued a Notice to Appear charging [him] as removable under Section 237(a)(1)(B) of the Immigration and Nationality Act," and released on his own recognizance. *Id.*; *see also* Dkt. Nos. 12-2; 12-3.

On November 3, 2003, an Immigration Judge denied Lahamendu's application for asylum, withholding of removal, and protection under the Convention against Torture, and granted him voluntary departure until January 2, 2004. Dkt. No. 11 at 4; *see also* Dkt. No. 12-4. Lahamendu appealed, and the Board of Immigration Appeals dismissed his appeal on December 20, 2004. Dkt. No. 11 at 5; *see also* Dkt. No. 13. On January 18, 2005, Lahamendu filed a Petition for Review with the Ninth Circuit, Dkt. No. 11 at 5; *see also* Dkt. No. 12-5, which was denied and dismissed on February 26, 2008, Dkt. No. 11 at 5; *see also* Dkt. No. 12-6. On March 24, 2009, the U.S. Department of Homeland Security issued a Warrant of Removal. Dkt. No. 11 at 5; *see also* Dkt. No. 12-7. Lahamendu subsequently received Deferred Action for Childhood Arrivals status, which apparently has since expired and has not been renewed. *See* Dkt. No. 10-2 at 24; Dkt. No. 12-10 at 4; *see also* Dkt. No. 10-2 at 28 (resulting employment authorization); Dkt. No. 11 at 5.

On June 20, 2018, Lahamendu was listed as a beneficiary on a I-130 Form, Petition for Alien Relative. Dkt. No. 11 at 5; *see also* Dkt. No. 12-8 at 4. He attended an interview with USCIS on March 21, 2019, and it seems that he was determined not to present a risk of flight or danger to the community, *see* 8 U.S.C. § 1231(a)(6); 8 C.F.R. § 241.4(d)(1), -(e)–(f), as he was released on an Order of Supervision that same day. Dkt. No. 11 at 5; *see also* Dkt. No. 12-8 at 4; Dkt. No. 12-9.

On January 6, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Lahamendu "for the execution of his removal order." Dkt. No. 11 at 6; *see also* Dkt. No. 12-10 at 4. Since that date, he has been held in custody at the Northwest ICE Processing Center in Tacoma, Washington, a privately owned and operated immigration detention facility run by private

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

contractor GEO Group on behalf of ICE. Dkt. No. 1 at 3. Lahamendu filed this petition for writ of habeas corpus on October 31, 2025, Dkt. No. 1, along with a motion for temporary restraining order seeking an order for either his immediate release or barring Respondents from transferring him to another detention facility during the pendency of these proceedings, Dkt. No. 2 at 7. The portion of the motion seeking prohibition on transfer was provisionally granted on the same day. Dkt. No. 3. On November 3, 2025, the Court granted in part and denied in part Lahamendu's motion—the Court denied the request for immediate release, but enjoined Respondents from transferring Lahamendu during the pendency of these proceedings. Dkt. No. 7 at 15. The parties stipulated to a briefing schedule on the petition, Dkt. No. 8, which the Court granted, Dkt. No. 9. As of November 24, 2025, the petition is fully briefed.

## II.     DISCUSSION

### A.     Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1099 (9th Cir. 2012).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001) (citing *Campos-Sanchez v. I.N.S.*, 164 F.3d 448, 450 (9th Cir. 1999), *superseded by statute on other grounds as recognized in Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1053 (9th Cir. 2023)). Accordingly, the Supreme Court has held that "the Due Process Clause protects a[] [noncitizen] subject to a final order of deportation[.]" *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001) (citing *Wong Wing v. United States*, 163 U.S.

228, 238 (1896)); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

When a final order of removal has been entered, a noncitizen enters a 90-day "removal period." 8 U.S.C. § 1231(a)(1). To ensure a noncitizen's presence for removal and to protect the community from noncitizens who may present a danger, Congress mandated detention during the removal period. 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes ICE to continue detention of noncitizens after the expiration of the removal period. 8 U.S.C. § 1231(a)(6). Although there is no statutory time limit on detention pursuant to Section 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701. "After this 6-month period, once the [non-citizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* Section 1231(a)(6) thus "requir[es] release from long-term detention" when there is no significant likelihood of removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 583 U.S. 281, 311 (2018) (citation modified).

B.  **Removal of Lahamendu is Not Reasonably Foreseeable**

Lahamendu is a noncitizen who has been present in the United States for roughly 32 years. Dkt. No. 1 at 3. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533

U.S. at 693. And having been detained for roughly ten months, Lahamendu's continued detention is not "presumptively reasonable." *Id.* at 701.

The Court denied Lahamendu's emergency request for release on November 3, 2025, because it was unable to "conclude that Lahamendu [was] 'stuck in a removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." Dkt. No. 7 at 8 (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)). At the same time, the Court acknowledged that "the length of [Lahamendu's] detention raise[d] 'serious questions[.]'" *Id.* at 9 (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

On November 17, 2025, the Government responded to Lahamendu's petition by submitting the "factual background as contained in the records of Petitioner's immigration case, as well as the relevant detention authority." Dkt. No. 11 at 1.[1] The Government makes no attempt to show that Lahamendu's removal is reasonably foreseeable. *See generally* Dkt. No. 11. Indeed, the Government makes no mention at all of his removal, aside from noting when his removal order became administratively final and when he was arrested for the execution of the order. *Id.* at 5–6. Moreover, there is no evidence that the Government has taken any steps to plan or effectuate Lahamendu's removal. *See* Dkt. Nos. 12-1–12-10, 13. As Lahamendu points out, he has not been given any travel document, passport, or notice that Indonesia will permit him to enter the country. Dkt. No. 15 at 2.

Lahamendu has now been detained for over ten months, four months beyond the presumptively reasonable six-month threshold in *Zadvydas*. *See* Dkt. No. 1 at 3 ("Petitioner was re-detained by ICE on January 26, 2025. He has been detained since that date."). As the period of

---

[1] The Government also cites the preliminary injunction standard, which is not relevant to this dispute given that the Court is adjudicating the underlying habeas petition following the briefing schedule to which the Government stipulated. *See* Dkt. Nos. 8, 14.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

confinement has grown, "what counts as the 'reasonably foreseeable future' . . . . [has] shr[u]nk." *Zadvydas*, 533 U.S. at 701. Considering the specific facts of this case, as highlighted above, Lahamendu has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the Government has failed to provide "evidence sufficient to rebut that showing." *See id.* Therefore, Lahamendu faces indefinite detention that is "no longer authorized by statute." *Id.* at 699.[2]

### III.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Lahamendu's Petition for Writ of Habeas Corpus, Dkt. No. 1, is GRANTED.

2. Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them shall immediately release Lahamendu from custody subject to the conditions of his most recent order of supervision, Dkt. No. 12-9, or conditions otherwise compliant with 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [an alien ordered removed] shall be subject to the terms of supervision in paragraph (3))."

---

[2] *See also Hambarsonpour v. Bondi*, No. C25-1802-RSM, 2025 WL 3251155, at *3 (W.D. Wash. Nov. 21, 2025) (where petitioner had been detained more than 11 months and "the Government's lack of information . . . le[ft] th[e] Court with nothing to go on weighed against a violation of Petitioner's constitutional rights," removal was not significantly likely); *Ahrach v. Baltazar*, No. 25-CV-03195-PAB, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025) ("Other courts have granted habeas petitions under *Zadvydas* when the government has not offered evidence that there is progress towards removal.") (collecting cases); *cf. Castaneda v. Perry*, 95 F.4th 750, 758 (4th Cir. 2024) (detention not indefinite when Petitioner was "subject to a reinstated order of removal to El Salvador" and there was no dispute "concerning the Government's representation that ICE routinely removes aliens to El Salvador" on "two removal flights to El Salvador per week, with the ability to remove up to 135 individuals on each flight" and that "El Salvador will accept its citizens without a passport or government issued travel document" (citation modified)); *Prieto-Romero*, 534 F.3d at 1063 (detention not indefinite when Government introduced undisputed evidence "showing that repatriations to [Petitioner's] country of origin, Mexico, are routine and that the government stands ready to remove [Petitioner] as soon as judicial review is complete."); *Ton v. Noem*, No. 5:25-CV-02033-SB-AGR, 2025 WL 2995068, at *3 (C.D. Cal. Sept. 3, 2025) (detention not indefinite when Government "submitted a declaration stating that it has requested travel documents from China for Petitioner, and that 'China has been issuing travel documents when ICE has made such requests for Hong Kong nationals'"); *Nouke v. Clark*, No. C08-1668-RAJ, 2009 WL 1393225, at *4 (W.D. Wash. May 15, 2009) (detention not indefinite where the government previously made arrangements for petitioner's removal to Indonesia and there were no barriers to his removal at the time of his habeas petition).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

3.  The Parties shall file a Joint Status Report by December 5, 2025, confirming that Petitioner has been released.

4.  Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorneys' fees to petitioners who prevail against the Government in immigration habeas actions).

Dated this 3rd day of December, 2025.

*Lauren King*
Lauren King
United States District Judge